IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MAX VANCE,** | : | **CIVIL ACTION NO. 1:26-CV-1049** |
| | : | |
| **Plaintiff** | : | **(Judge Neary)** |
| | : | |
| **v.** | : | |
| | : | |
| **CAPTAIN HIPPS,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

This is a prisoner civil rights case filed pursuant to 42 U.S.C. § 1983. Mail to plaintiff was recently returned to the court as undeliverable, and the court is unaware of any address at which it can reach plaintiff. The case will accordingly be dismissed with prejudice for plaintiff's failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

## I.    Factual Background & Procedural History

Plaintiff, Max Vance, filed this case on April 21, 2026, alleging that defendant, a captain in Columbia County Prison, has violated his civil rights by limiting his access to medicinal eye drops. (Doc. 1). On June 3, 2026, mail to the plaintiff was returned to the court as undeliverable, with a notation indicating that plaintiff is no longer housed in Columbia County Prison and that the prison does not have a forwarding address for him. (Doc. 13). The court has additionally conducted independent searches of the online inmate locators for the Pennsylvania Department of Corrections and the United States Bureau of Prisons and has been unable to locate him through either means. Because the court is unaware of any

address at which it can reach plaintiff, it will analyze whether dismissal of this case for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) is appropriate.

## II.    <u>Discussion</u>

Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action for "failure of the plaintiff to prosecute or comply with these rules or order of court." Fed. R. Civ. P. 41(b). When determining whether to dismiss a case for failure to prosecute under Rule 41(b), the court must balance the factors set forth in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 863 (3d Cir. 1984). These factors include:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id.</u> at 868. Not all of the <u>Poulis</u> factors must be satisfied in order for a court to dismiss a complaint. <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir. 1992).

The first three <u>Poulis</u> factors weigh in favor of dismissing this case. First, because Vance is proceeding pro se, he is personally responsible for his failure to comply with the court's orders. <u>Emerson v. Thiel Coll.</u>, 296 F.3d 184, 191 (3d Cir. 2002). Second, his failure to update his address causes prejudice to the defendant by delaying resolution of the case. <u>Manuel v. Harry</u>, No. 1:20-CV-2309, 2021 WL

602723, at *2 (M.D. Pa. Feb. 16, 2021). Third, Vance has shown a history of dilatoriness by failing to update his address. Id.

The court finds that the fourth and fifth Poulis factors—whether plaintiff's conduct was willful or in bad faith and the effectiveness of sanctions other than dismissal—also weigh in favor of dismissal. First, his failure to abide by the court's order to keep the court informed of his current mailing address, (see Doc. 4), demonstrates a willful disregard for procedural rules and court directives. Second, because the court does not have a current mailing address for him and thus cannot meaningfully enforce any other sanctions against him at this time, the court is without any viable alternative to dismissal.

The sixth and final factor, the meritoriousness of Vance's claim, is neutral. Mail to Vance was returned to the court before his complaint was served on defendants and before the court conducted a mandatory screening of his complaint pursuant to 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. Thus, the court has not had occasion to analyze the potential merits of Vance's claims.

Upon balancing the Poulis factors, the court finds that they weigh heavily in favor of dismissal. In light of plaintiff's failures to comply with court orders, the case will be dismissed with prejudice. See Hamer v. LivaNova Deutschland GmbH, 994 F.3d 173, 177 n.3 (3d Cir. 2021) ("District courts have authority under Rule 41(b) of the Federal Rules of Civil Procedure to dismiss claims with prejudice for failure to comply with a court order."). However, because the court has not previously given Vance notice that the case may be dismissed for his failure to prosecute, the court

3

will automatically reopen the case without Vance having to file a formal notice pursuant to Federal Rules of Civil Procedure 59 or 60 if he updates his address within thirty days of this decision.

## III.    Conclusion

This case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) based on plaintiff's failure to prosecute. The case will be reopened automatically if plaintiff updates his mailing address within thirty days. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:        June 11, 2026